UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ELLIS, | No. 2:21-cv-1632 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| A. ACOB, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has paid the filing fee.

I.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,

1  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
2  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
3  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
4  Franklin, 745 F.2d at 1227-28 (citations omitted).

5        "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
6  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
7  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
8  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
9  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
10 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,
11 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
12 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
13 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
14 speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain
15 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
16 cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
17 R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

18       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
19 relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
20 Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
21 content that allows the court to draw the reasonable inference that the defendant is liable for the
22 misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this
23 standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
24 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
25 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
26 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

27    II.    Complaint

28       The complaint alleges that defendant Acob, a registered nurse, violated plaintiff's rights

1   under the Eighth Amendment.  ECF No. 1.  Specifically, plaintiff alleges that he is wheelchair-
2   bound and suffers from a number of disabilities, and in December 2020, he was sent to the
3   emergency room where he was diagnosed with COVID-19, pneumonia, a urinary tract infection,
4   and an ulcer.  Id. at 9.  After spending five days at the hospital, he was returned to the prison and
5   placed in a special treatment room.  Id.  On December 24, 2020,[1] about ten days after plaintiff
6   was returned to the prison, he used his call button to receive pain medication.  Id.  Acob
7   responded, placed the medication in the food port, and told plaintiff that he could come and get it
8   himself.  Id.  Plaintiff told her that he could not walk, but instead of arguing with Acob, pressed
9   the call button and another nurse came and brought his medication to him.  Id.

10       III.    Failure to State a Claim

11       "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
12   must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091,
13   1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff
14   to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition
15   could result in further significant injury or the unnecessary and wanton infliction of pain,'" and
16   (2) "the defendant's response to the need was deliberately indifferent."  Id. (some internal
17   quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).
18   Deliberate indifference is established only where the defendant *subjectively* "knows of and
19   disregards an *excessive risk* to inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057
20   (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).  "If the harm is
21   an 'isolated exception' to the defendant's 'overall treatment of the prisoner [it] ordinarily
22   militates against a finding of deliberate indifference.'"  Jett, 439 F.3d at 1096 (alteration in
23   original) (quoting McGuckin, 974 F.2d at 1060).

24       Though it is not clear from the allegations, the court will assume for the purposes of
25   screening that plaintiff was unable to use his wheelchair to collect the medication from the food

---

[1] The complaint states that the incident occurred on December 24, 2021.  ECF No. 1 at 9.  This appears to be a typographical error because the complaint was received by the court on September 13, 2021.

3

port at the time of the incident. However, even assuming that plaintiff could not get his medication without assistance, he has alleged only a single failure to bring his medication to him. Furthermore, although Acob did not bring the medication to plaintiff, plaintiff was able to use his call button to call another nurse for assistance, which he did. This isolated instance of neglect is insufficient to state a claim for deliberate indifference. See O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeated failures to satisfy requests for aspirin and antacids to alleviate headaches, nausea, and pain did not violate the Eighth Amendment because "[s]uch isolated occurrences of neglect do not amount to a constitutional violation" (citing Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986))).

### IV. Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given an opportunity to file an amended complaint. If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an

amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V. Plain Language Summary of this Order for a Pro Se Litigant

Your complaint will not be served because the facts you alleged are not enough to state a claim. You must allege facts showing that Acob was aware of an excessive risk to your health or safety and ignored that risk.

You may amend your complaint to try to fix these problems. Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights.

If you choose to file a first amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 4, 2022

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE