UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ELLIS, | No. 2:21-cv-1632 WBS AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| A. ACOB, | |
| Defendant. | |

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order filed May 4, 2022, the undersigned screened the complaint and found that it did not state a claim for relief. ECF No. 13. Plaintiff was given an opportunity to file an amended complaint and has now filed a first amended complaint. ECF No. 14.

      I.      <u>Statutory Screening of Prisoner Complaints</u>

      The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

      A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
2  theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,
3  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
4  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
5  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
6  Franklin, 745 F.2d at 1227-28 (citations omitted).
7         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
8  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
9  what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550
10 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
11 "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
12 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman,
13 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
14 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
15 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
16 speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain
17 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
18 cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
19 R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).
20        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
21 relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
22 Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
23 content that allows the court to draw the reasonable inference that the defendant is liable for the
24 misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this
25 standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
26 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
27 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
28 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

1     II.      First Amended Complaint

        The allegations in the first amended complaint are nearly identical to those in the original complaint. Plaintiff once again alleges that he is wheelchair-bound and suffers from a number of disabilities, and in December 10, 2020, he was sent to the emergency room where he was diagnosed with COVID-19, pneumonia, a urinary tract infection, and an ulcer. ECF No. 14 at 9. After spending five days at the hospital, plaintiff was returned to the prison, placed in a special treatment room, and told not to leave his bed. Id. at 9-10. On December 24, 2020, plaintiff used his call button to receive pain medication and Acob responded, placed the medication in the food port, and told plaintiff that he could come and get it himself. Id. at 10. Plaintiff told her that he could not walk, but instead of arguing with Acob, he pressed the call button and another nurse came and brought his medication to him. Id. Prior to this incident, Acob had tried to argue with plaintiff about not showering and not taking a food tray. Id. at 9.

    III.     Failure to State a Claim

        "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)). Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). "If the harm is an 'isolated exception' to the defendant's 'overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.'" Jett, 439 F.3d at 1096 (alteration in original) (quoting McGuckin, 974 F.2d at 1060).

        As in the original complaint, plaintiff has alleged only a single failure to bring his medication to him. Though he may have argued with Acob on two prior occasions, neither of

3

those incidents involved plaintiff's medical care. This isolated instance of neglect is insufficient to state a claim for deliberate indifference. See O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeated failures to satisfy requests for aspirin and antacids to alleviate headaches, nausea, and pain did not violate the Eighth Amendment because "[s]uch isolated occurrences of neglect do not amount to a constitutional violation")). Furthermore, although Acob did not bring the medication to plaintiff, plaintiff was able to use his call button to call another nurse for assistance, which he did. Accordingly, there was no denial of medication and no injury.

### IV. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted. Plaintiff has already been given an opportunity to amend the complaint. He was informed of the standards for pleading an Eighth Amendment claim and advised what kind of information he needed to provide. Given that the allegations in the amended complaint are nearly identical to those in the original, it does not appear that plaintiff has any further facts to provide or that further amendment would result in a cognizable claim. As a result, leave to amend would be futile and the complaint should be dismissed without leave to amend.

### V. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed without leave to amend because the first amended complaint is nearly identical to the original complaint and neither complaint states a claim for relief. It appears that there are no other facts for you to provide regarding the incident and further leave to amend would not result in a viable claim.

Accordingly, IT IS HEREBY RECOMMENDED that the first amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 2, 2022

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5